[Civil No. 4368.   Filed September 22, 1941.]

[117 Pac. (2d). 104.]

R. J. PREACH, Doing Business as UNITED SER-
VICE STATION, Petitioner, v. EDGAR E.
HART and THE INDUSTRIAL COMMISSION
OF ARIZONA, Respondents.

Mr. Robert R. Weaver, for Petitioner.

Mr. John M. Levy, for Respondent Hart.

Mr. Rouland W. Hill and Mr. Howard A. Twitty,
for Respondent Commission.

LOCKWOOD, C. J.—This comes before us on *cer-
tiorari* from an award of the Industrial Commission,
called the commission, against R. J. Preach, doing
business as United Service Station, and in favor of
Edgar E. Hart, called petitioner.

There is no dispute that Hart suffered a compen-
sable injury as the result of an accident arising out
of and in the course of his employment and is entitled
to an award of compensation as against his employer.

The commission determined that the employer was Preach. The latter insists, and in this he is joined by petitioner, that the employer was the United Parcel Service, a corporation, which we shall hereinafter call the company. The sole issue for our determination is whether the evidence reasonably sustains the finding of the commission on this point.

The company, at the time of the accident and for a number of years previous, was a corporation whose general manager was Preach. The latter also was engaged in business on his own account as an individual, under the name of United Service Station. The principal business of the company was the running of a fleet of parcel delivery trucks, while the United Service Station was engaged in the gasoline service and garage business. The offices of both enterprises were conducted at the same place and by Preach, in the one case as general manager and in the other case on his own account, but each business had separate account books, and their transactions were handled separately. Notwithstanding this fact, they had certain dealings with each other. The company purchased all of the gas and oil for its fleet of trucks from Preach, on the same basis as transactions with any other customers, and all of its maintenance and repair jobs were performed at his garage.

In June, 1937, petitioner went to work at the garage owned and operated by Preach, and continued to work at said garage as a mechanic until March 6, 1940, when while he was repairing a truck which belonged to the company, a piece of steel flew into his eye, causing the injury complained of.

So far there is no dispute as to the facts, but it was strenuously urged by Preach that petitioner was at the time of the accident in the employ of the company. On the other hand, there was testimony before the commission which it claims justified the contrary con-

clusion. This latter testimony was, in substance, as follows: Shortly after the accident Preach told the claims manager of the commission that petitioner was in his employ and had sustained an eye injury, and that as he did not carry industrial insurance covering petitioner, he was quite worried about the situation and wished to know what his responsibilities were. An investigator for the commission was informed by Preach, when he was investigating the matter, that petitioner had never been on the pay roll of the company. The evidence also shows that the receipts for salary signed by petitioner were always made out in the name of United Service Station; that the social security card carried by him stated that the United Service Station was his employer, and that while the company was always insured with the industrial commission, his name had never appeared on its pay rolls. Certainly this testimony, standing alone, would justify the commission in concluding that Preach, and not the company, was the employer of petitioner.

Preach testified in substance, on the other hand, that when petitioner was working on a company truck, he was in the employ of the company, and when he was working on other jobs he was in the employ of Preach.

Petitioner testified that he had always assumed he was in the employ of the company. Clayton Harwick, who was foreman of the garage when petitioner was first employed, testified that he understood at that time petitioner was employed by the company, and Joe L. Schmitt, Jr., a public accountant who balanced the books of both Preach and the company from time to time, testified as to certain entries appearing on their books and records, from which an inference reasonably might be drawn that a dual employership was carried on.

Preach and petitioner were interested parties, and while no interest of Harwick and Schmitt appears,

their testimony was not direct on the issue of employment at the time of the accident, but was merely such that an inference reasonably, but not necessarily, might have been drawn in support of the testimony of Preach and petitioner.

In view of the admissions of Preach to the claims manager and the investigator for the commission, the fact that petitioner had never been carried as an employee of the company on its pay roll, and that his social security card and wage receipts showed Preach as his employer, we cannot say that there was not evidence supporting the finding and award of the commission.

The award is necessarily affirmed.

McALISTER and ROSS, JJ., concur.